NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 27 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SEAN KYLE MARTIN, AKA Sean K Bergquist,<br><br>          Plaintiff-Appellant,<br><br>  v.<br><br>HUGO FERNANDEZ CADENA, Mailroom Employee at AHCC; BONNIE LONGINO, Mailroom Employee at AHCC; TRACY SCHNEIDER, HQ Correctional Manager; CHARLOTTE HEADLEY, Chief of Security (Publication Review Committee Chair); JOHN DOE, Publication Review Committee (Chair); J MARTIN, Grievance Coordinator,<br><br>          Defendants-Appellees. | No. 23-35161<br><br>D.C. No. 2:21-cv-00278-TOR<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, District Judge, Presiding

Submitted August 20, 2024**

Before:     S.R. THOMAS, RAWLINSON, and COLLINS, Circuit Judges.

---

     *      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     **     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Washington state prisoner Sean Kyle Martin appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging constitutional violations. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's ruling on cross-motions for summary judgment. *Hamby v. Hammond*, 821 F.3d 1085, 1090 (9th Cir. 2016). We affirm.

The district court properly granted summary judgment for defendants on Martin's First Amendment claims because Martin failed to raise a genuine dispute of material fact as to whether the challenged prison regulations, as applied to Martin, were unrelated to legitimate penological interests. *See Turner v. Safley*, 482 U.S. 78, 89-90 (1987) (setting forth the four-factor test for evaluating a prison regulation which impinges upon a constitutional right); *Prison Legal News v. Ryan*, 39 F.4th 1121, 1135-36 (9th Cir. 2022) (applying the *Turner* analysis to an as-applied challenge and noting that variations in the enforcement of a policy will not always rise to a constitutional violation).

The district court properly granted summary judgment for defendants on Martin's due process claim because Martin failed to raise a genuine dispute of material fact as to whether he did not receive the process he was due. *See Procunier v. Martinez*, 416 U.S. 396, 417-19 (1974) (explaining that the decision to censor or withhold delivery of mail must be accompanied by minimum procedural safeguards), *overruled on other grounds by Thornburgh v. Abbott*, 490

2                                                    23-35161

U.S. 401 (1989); *Frost v. Symington*, 197 F.3d 348, 353 (9th Cir. 1999) ("[Prisoners have] a Fourteenth Amendment due process liberty interest in receiving notice that [their] incoming mail is being withheld by prison authorities."); *cf. Crofton v. Roe*, 170 F.3d 957, 961 (9th Cir. 1999) ("[T]emporary delay in the delivery of [a prisoner's] publications, resulting from the prison official's security inspection, does not violate his First Amendment rights.").

Defendant's motion to seal Volume 4 of the Supplemental Excerpt of Record (Docket Entry No. 23) is granted. Volume 4 of the Supplemental Excerpt of Record (Docket Entry No. 29) remains sealed. All other pending motions are denied.

**AFFIRMED.**